## No. 1482.—James A. Douglass *v.* S. C. Manning.

A settlement of business transactions between parties by one giving his note for the balance due, will be conclusive where the proof in the record shows that no error occurred in the settlement.

APPEAL from the Sixth District Court, of New Orleans. *Duplantier,* J. *Horner & Benedict,* for plaintiff and appellee. *McCay & Luzenburg,* for defendant and appellant.

Taliaferro, J. The plaintiff sues on a promissory note for $700. The defendant in his answer pleads a general denial. Afterwards in a supplemental answer he set up a reconventional demand founded upon claims against the plaintiff for a quantity of ballast and a large lot of implements used by stevedores in their business, which ballast and tools he alleged he left in charge of the plaintiff in the early part of 1861, when, it seems, the defendant left the city and took up his

residence at Arcola and other places near the Jackson railroad. He avers that upon his return to the city in 1865, the plaintiff refused and failed to deliver to him certain tools, which he enumerates in detail, and that plaintiff had sold eleven hundred and fifty tons of the ballast entrusted to him without accounting to him for the proceeds, which he fixes at the sum of six thousand nine hundred dollars. He alleges that the note sued upon was given through error and without consideration. He prayed a trial by jury and judgment in reconvention for $7626, and interest, &c. Upon affidavit made the court ordered a trial by jury, to which plaintiff objected, and the objection being overruled, a bill of exceptions was reserved.

The verdict of the jury was in favor of the plaintiff for the amount of the note, rejecting all claims on the reconventional demand.

The court thereupon rendered judgment in conformity with the prayer of petition and the defendant has appealed.

The plaintiff asks of us an amendment of the judgment allowing interest from twenty-fifth of September, 1865.

We do not find it necessary in the decision of this case to examine the bill of exceptions.

It seems that the defendant followed, previous to the late war, the occupation of a stevedore in New Orleans, and that the plaintiff was for a considerable length of time his chief clerk. About the beginning of the war the defendant left the city and remained away until the restoration of peace. He left in charge of the plaintiff implements of various kinds used in his line of business and a quantity of ballast. The plaintiff sold a part of this ballast, in lots, to different purchasers; a part was stolen, and a part taken by the military authorities. He appropriated a portion of the proceeds by the instructions of the defendant to the discharge of one of his debts amounting to $340 70, and doubtless accounted for the remainder in the settlement that took place between the parties, when the balance due the plaintiff, after the adjustment of all claims between them, was fixed at $700 and for which the defendant executed the note sued upon. A careful examination of the evidence convinces us that the verdict of the jury is fully sustained thereby.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.